### Jim Robinson v. The State.

No. 4007.    Decided April 28, 1909.

**1.—Theft of Horse—Election by State.**

Where upon trial for theft of a horse the indictment contained two counts, but charged but one felony, the State could not be required to elect between counts, the evidence showing that the offense was one and the same transaction. Following Thompson v. State, 32 Texas Crim. Rep., 265, and other cases.

**2.—Same—Practice in District Court.**

Where upon trial for theft of a horse it appeared that two indictments were pending against the defendant, charging the same offense, there was no error in permitting the State to try the case in which the indictment was not defective, and which had been substituted for the first indictment which was defective.

**3.—Same—Former Jeopardy—Practice.**

Where upon trial for theft of a horse, the defendant asked a postponement of the trial to file his plea of former jeopardy, which was granted, and thereupon he filed a motion that the court should first take action on another case against defendant which charged the same offense, but in which the indictment was defective, and refused to file his plea of former jeopardy until said motion was acted upon by the court, which the court refused, there was no error; besides the nature of defendant's plea of jeopardy was not disclosed.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for theft of a horse the evidence was sufficient to sustain the conviction, the verdict will not be disturbed.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Williamson County on a charge of theft. On trial he was convicted and his punishment assessed at confinement in the penitentiary for a period of two years.

The indictment contains two counts. The first count charges the horse alleged to have been stolen to have been the property of one A. C. Aderholt, and the second count charges the possession to have been in A. C. Aderholt, but alleges the property belonged to some person to the grand jury unknown.

Appellant in the court below filed a motion, after the evidence was in, requiring the State to elect upon which count a conviction would be sought. This was denied by the court, and in this ruling there was no error. The rule is thus stated in the case of Keeler v. State, 15 Texas Crim. App., 111: "The principle is that the court should always interpose, either by quashing the indictment or by compelling an election, where an attempt is made, as manifested by either the indictment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate transactions; but should never interpose in either mode, where the joinder is simply designed and calculated to adapt the pleadings to the different aspects in which the evidence on the trial may present a single transaction." In this case, when the facts are considered, it is obvious that the rule requiring an election can not in reason be invoked, because this indictment charges but one felony, the different counts only charging different means of accomplishing the one act, the theft of the horse. See Moore v. State, 37 Texas Crim. Rep., 552. It is well settled in this court that the State will not be required to elect between counts where the same transaction is embraced in any number of distinct counts, and where the same offense is charged and each count alleges a different mode or means of doing the same act constituting the same offense or where the distinct ways of doing the same thing are not antagonistic to each other. In such case they may be alleged conjunctively in the same count, and the prosecution has the right to proceed upon all the means alleged. Again, where the different counts in an indictment are in substance but different ways of charging the same offense and are pleaded for the purpose of meeting the evidence as it may transpire, the State can not be required to elect and confine itself

to one count upon which it shall rely for conviction. Thompson v. State, 32 Texas Crim. Rep., 265; Dill v. State, 35 Texas Crim. Rep., 240.

2. On the trial appellant filed a motion to require the court, before proceeding with the trial of this cause, to put appellant upon trial on an indictment pending therein preferred against him at the July term of said court in 1908. This the court declined to do, and in explanation of his action states that when the motion was submitted to the court the district attorney stated to the court that the indictment in the cause from which this appeal results was intended to cure a defect in the first count of the indictment on which appellant sought first to be tried, and that ' he did not expect to and would not try defendant upon but one of said indictments, and that he preferred to dispose of this cause before taking any action on the first indictment preferred. The court further states, *it not appearing to the court that defendant would be deprived of* ' any right or defense by granting the request of the district attorney, the motion was overruled. The mere statement · of the court in his explanation makes it obvious beyond doubt that there ·was no error in the action of which appellant could complain.

3. Again, appellant, through his counsel, filed another motion in which he asked for postponement of the case for twenty-four hours in order to secure time in which to file a plea of former jeopardy. The motion states that counsel desired to file a plea of former jeopardy, and that it would require him at least the greater portion of the time requested to prepare said plea of jeopardy, and as a reasonable excuse for not having said plea prepared the motion states that since the filing of the indictment in this case there have been two cases pending .against him in this court, to wit: case No. 6562 and case No. 6576, and that until such time as the court shall pass upon the motion requiring the State to . dispose of the first numbered case, neither his counsel nor appellant did and could know what to set up, which necessarily involved the ruling of the court in the other motion as to the facts in his said plea of former jeopardy. In allowing this bill of exceptions the court states that upon the day preceding the day upon which the above motion was filed the case against the defendant was called for trial and the defendant's counsel stated that he desired to file a plea of former jeopardy, and asked that this case be postponed and another case called in order to give him time to prepare such plea. This request was granted by the court, and the case against the appellant was postponed for such purpose, and appellant filed the motion above referred to. That the court in this connection stated that an additional reasonable time for filing said plea would be granted, but appellant insisted upon his motion. The time requested by counsel being deemed unnecessary and unreasonable, the motion was accordingly overruled. The bare statement of the facts contained in the

court's explanation is sufficient, we think, to show that appellant is without cause of complaint. It will be observed that the nature of his plea of jeopardy is not even hinted at in his motion, nor on the motion for a new trial, do the facts constituting such jeopardy appear.

4. Finally, it is insisted that the evidence in the case is insufficient to sustain the verdict. It must be confessed that the evidence is not of that conclusive character which might well be desired, but after a careful inspection of the entire record we are hardly prepared to say that the evidence is so slight as would justify us, in view of the finding of the jury and the action of the court in overruling the motion for a new trial, in setting aside the conviction on this ground.

Finding no error in the record it is ordered that the judgment of conviction be and the same is hereby affirmed.

*Affirmed.*