## J. C. KNOTT V. THE STATE.

No. 19295. Delivered February 2, 1938.

The opinion states the case.

*Harney & Dally*, of Borger, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft of property over the value of fifty dollars; penalty assessed at confinement in the penitentiary for five years.

The bills of exception found in the transcript do not bear the approval of the trial judge and therefore cannot be considered by this court. See Tex. Jur., Vol. 4, p. 260, sec. 185; also p. 261, sec. 186.

In the absence of the bills of exception, the only question presented for review is the sufficiency of the evidence to sustain the conviction.

The State's witness, W. M. Winks, testified that he was an employee of the Sinclair Prairie Oil Company at the Skytex Camp; that on August 20, 1936, he had in his control, custody and possession an oil-field belt, approximately 100 feet in length. It was a 12-inch six-ply rubber belt with four belt clamps on it. The belt also had the letters, "S.P.O.C." about six or eight inches high, marked in white paint, this being the regular marking of the Sinclair Prairie Oil Company. The belt was on a well pump which the witness was pumping on the evening of August 20, 1936. Upon his return about nine o'clock on the following morning, he found that the belt was gone. It had been sawed off with a saw which was found laying near the belt wheel. The witness testified that the belt was made up of some four or five different pieces. For identification of the belt, the witness relied on the initials "S.P.O.C." and also the clamps thereon. The saw introduced in evidence was identified by the witness as that found at the well pump.

G. N. McDaniels testified that on October 30, 1936, he purchased from the appellant a belt and fifty joints of two-inch pipe for the price of $100.00. Upon receiving the belt, the witness placed it in the engine house at his oil well, where it remained until it was surrendered to the officers. The witness did not notice any distinguishing marks except the clamps on the belt. He said that the belt introduced in evidence seemed to be the same belt that he had purchased from the appellant.

J. C. Hannah, a peace officer for the Phillips Petroleum Company, testified that he went to the lease operated by McDaniels, in company with two other officers, and there recovered the belt which had been stolen from W. M. Winks. Upon exam-

ination of the belt, the witness found the initials, ".S.P.O.C." marked on it. Similar testimony was given by the witnesses Cottrell and Inman.

Appellant testified upon the trial that on October 31, 1936, he sold a belt and fifty joints of two-inch pipe to McDaniels for $100.00. He said he had been given a load of junk by one Bodine among which was the belt in question. Appellant said he did not unroll the belt before selling it. He said he could identify the belt introduced upon the trial as the one which he had delivered to McDaniels. Appellant denied owning the saw found near the well pump from which the belt had been taken. However, he admitted upon the trial that he had been indicted four times for felony offenses.

Appellant's witness, W. M. Bodine, testified that he had a conversation with the appellant in October, 1936, relative to an old piece of belt. Upon re-direct examination the witness said that one, M. J. Delaney, owned some tools and equipment which were located back of the camp of the Bradshaw Oil Company. Appellant asked Bodine for the belt and was told that it belonged to Delaney. From the testimony of Bodine we quote:

"I didn't just give the belt away. As to whether I said I gave it to this man Knott, I will state that he asked me about the belt and I told him it didn't belong to the company; I told him the belt belonged to Mr. Delaney, and I didn't think the belt was any good or he wouldn't have left it there, and I said, 'As far as I am concerned you can have the belt.'"

The witness testified that he would not swear upon the trial that the belt introduced in evidence was the one he gave to the appellant; that he (witness) had never seen it unwrapped before.

The witness, L. H. Fountain, testified that he worked for the M. J. Delaney Drilling Company on the Bradshaw lease; that when said company was drilling for the Sinclair Oil and Gas Company on the Bradshaw lease, the witness saw a belt in the possession of the Delaney Drilling Company, which belt was marked "S.P.O.C." He could not swear where the belt came from. The witness testified that he would not say that the belt introduced in evidence was the same one that he had seen while working on the Bradshaw lease in the month of November, 1935.

R. A. Bates testified that he was an employee of the Harris Petroleum Company in Hutchinson County. Sometime in October, 1936, the witness saw appellant on the McDaniels oil lease in a truck. About a week after that, appellant came to the

lease again and unloaded a belt and some pipe about 7:30 o'clock in the morning. Bates unrolled the belt and noticed the marks "S.P.O.C." thereon. He noticed the manner in which the ends of the belt were cut off. In his opinion, the belt had been cut with a pocket knife. There were three or four clamps on the belt which was delivered by the appellant. According to the witness, the belt was about 96 or 98 feet in length. He said that the officers took away the same belt that appellant had delivered to the McDaniels lease.

The conflict in the evidence was submitted to the jury under proper instructions by the court and resolved by them in favor of the State. The verdict of the jury is binding upon this court.

Deeming the evidence sufficient to sustain the conviction, the judgment of the trial court is affirmed.

*Affirmed.*