### ALFRED JENKINS V. THE STATE.

No. 21645. Delivered June 11, 1941.

Appeal from District Court of Erath County. Hon. Ernest Belcher, Judge.

Appeal from conviction for burglary; penalty, confinement in penitentiary for two years.

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

There are no bills of exception in the record, nor is there a statement of facts accompanying the same. Consequently, there is nothing presented to this court for review other than the sufficiency of the indictment.

The indictment, as it appears in the record, contains three counts, in each of which appellant is charged with the burglary of a house. In the first count it was charged that the house was occupied and controlled by B. F. Compton; in the second count, that it was occupied and controlled by J. H. Phelps; and in the third count, that it was occupied and controlled by Elizabeth Compton. Appellant addressed two exceptions to the indictment. The first is based upon the ground that it does not set forth in plain and intelligible language the offense attempted to be charged; and the second, that it does not appear from the face of the indictment that an offense against the laws of the State was committed by the defendant. No motion to quash the indictment on the ground of misjoinder of offenses or duplicity was made. However, if such a motion had been made, it would, in our opinion, have been of no avail. Although it was charged that the house was occupied and controlled by different persons, still it appears to have been the same house. The charging part of the indictment alleging that it was occupied and controlled by different persons was made so as to avoid any possible variance between the allegation and the proof of occupancy and control of the house. Hence, it would not have been subject to be quashed on the ground of duplicity

or misjoinder of offenses. See Branch's Ann. Tex. P. C., p. 262, sec. 507; also Pisano v. State, 34 Tex. Cr. R. 63; Robinson v. State, 56 Tex. Cr. R. 62.

In the case of Slay v. State, 33 S. W. (2d) 459, this court speaking through Judge Morrow, said:

"It has been specifically declared that an indictment is not duplicitous which in several counts alleges different owners of stolen property."

We note from the court's instruction that he submitted the case to the jury on the second count alone and withdrew from their consideration the first and third counts. Consequently, no error is reflected by the record.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.