Nick Peter SALEM, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 35679.

Court of Criminal Appeals of Texas.

April 17, 1963.

Rehearing Denied May 22, 1963.

Howard M. Wayland, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James I. Smith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with a motor vehicle under Article 1149, Vernon's Ann.P.C.; the punishment, a fine of $250.00.

John Caulkins testified that he and his wife were returning by automobile to their home on the night in question; that before making a left turn he saw an automobile approaching him approximately 500 feet away but that, during the course of his turn, his automobile was hit on its right hand side, causing great damage to it and injuries to his wife. Mrs. Caulkins testified to approximately the same facts, but she stated only that the oncoming automobile was "way off" and that it looked to her like they could make it across.

Accident investigator Quast of the Houston police testified that in more than two years in such capacity he had investigated "over a thousand" accidents involving automobiles; that when he arrived upon the scene he found two damaged automobiles, one a 1960 model Thunderbird and the other a 1961 Ford. The damage to the Thunderbird was "all the way across the front," while the Ford was damaged on its right side. He testified that the skid marks made by the right front wheel of the Thunderbird measured 132 feet to the point of impact, while the rear wheel skid marks measured 92 feet, and that the accident occurred in a business and residential section

of the city where the speed limit was 30 miles per hour. He identified appellant as the driver of the Thunderbird and described the distance each vehicle had traveled after the impact.

The injuries sustained by Mrs. Caulkins were established by medical testimony.

Appellant did not testify in his own behalf but called Jack Laws, who was riding in the Thunderbird with him and who testified that he and appellant had just left the Top Hat Lounge some 400 yards away from the scene of the accident, that he leaned down to light a cigarette, heard appellant cry out "Don't turn," looked up and saw the lights of another automobile, and then the collision occurred.

Officer Quast was called in rebuttal and testified that appellant had told him at the scene that he and Jack Laws had been at LaMil Lounge, which was more than a quarter of a mile away, and that appellant had asked, "What happened?" and Jack replied, "I don't know, you were driving."

█ Appellant's motion to quash the information because it alleged the operation of the automobile in excess of 30 miles per hour in the business and residential district was "unlawful, imprudent and unreasonable" instead of "greater rate of speed than reasonable and prudent under the conditions then existing" as suggested in Eaves v. State, Tex.Cr.App., 353 S.W.2d 231, is without merit.

█ Appellant's principal contention is that the court erred in permitting Officer Quast to express his opinion from the nature and length of the skid marks, damages sustained by each automobile, and the distance each moved following the impact, that the Thunderbird driven by appellant was traveling at a rate which he "estimated" to be 70 miles per hour.

Reliance is had upon the holding of this Court in Wallace v. State, 143 Tex.Cr.R. 596, 160 S.W.2d 256. In Wallace, the witness was a member of the Highway Patrol "with three and one-half years experience in the enforcement of the traffic laws in particular and all kinds of criminal laws in general." It is evident from the opinion in Wallace that the nature and length of the skid marks were not shown. The opinion in Wallace concludes with these observations:

"It is not intended hereby to indicate a condition which might exist or qualifications which might be given making admissible the conclusion which a witness may give as to the speed of an automobile. Circumstances are too varied and too many factors may present themselves for consideration. It is sufficient to say and we do not intend to go further than to hold herein that under the facts testified to by the witness, under all the circumstances of this case, he has not shown himself to be in position to reach a conclusion as to the speed of appellant's car so definitely and to aid the jury beyond what the physical facts of the case, most of which appear to be without dispute, would do."

We are not unmindful of the fact that this question has been discussed in many cases. Judge Norvell in Union Bus Lines v. Moulder (Tex.Civ.App.), 180 S.W.2d 509, wrote a comprehensive opinion which has recently been followed by the Third Court of Civil Appeals in Flores v. Barlow, 354 S.W.2d 173, but in each of these cases, as in Wallace, the nature and length of the skid marks were not present.

While it is true that Officer Quast did not in this case explain the "scientific methods" he employed in arriving at his estimate, as the witness Probst also failed to do in Moulder, we do have the fact that he had investigated more than a thousand automobile accidents and gave the exact length of the skid marks. These factors, we have concluded, distinguish this case from those discussed above, and the trial court did not err in holding Quast to be an expert having knowledge superior to that

possessed by the ordinary juror whose opinion as to speed in the light of the facts available to him was admissible. His experience as outlined above made a prima facie showing that he was an expert, and appellant made no effort to rebut this showing. Rankin v. Joe D. Hughes, Inc. (Tex. Civ.App., error ref. want of merit), 161 S.W.2d 883, will support this conclusion.

Finding the facts sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.