**A. O. JOYNOR, Appellant,**

v.

**BERMAN LEASING COMPANY,**
**Appellee.**

**No. 25509.**

United States Court of Appeals
Fifth Circuit.

July 11, 1968.

Ward Stephenson, Orange, Tex., Stephenson, Thompson & Morris, Orange, Tex., for appellant.

Cleve Bachman, Beaumont, Tex., Orgain, Bell & Tucker, Beaumont, Tex., for appellee.

Before GOLDBERG and CLAYTON, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge:

This appeal arises out of a third-party damage suit in which the Appellant prevailed below on the issue of liability. The damages awarded by the jury, however, were less than Appellant had previously received under workmen's compensation insurance. As the insurer was entitled under law to reimbursement up to and including the amount of its insurance payment, the Appellant here received nothing by virtue of the general jury verdict. His assignments of error, therefore, relate to the issue of damages.

Appellant was injured on or about November 5, 1964, on U. S. Highway 69 in Hardin County, Texas. Appellant was driving a truck-trailer vehicle which Appellee, an out of state corporation, had leased to Appellant's employer. The accident and injury resulted from a jackknifing of the trailer and the truck after Appellant was forced to apply the brakes of the trailer. The Appellant claimed below and the jury found that the Appellee failed to properly repair the brakes although it knew that the brakes were faulty and was obligated under the lease agreement to repair them.

Appellant here claims that 1) the trial court erred in empaneling prospective jurors which were not chosen by the jury commissioner in accordance with federal law as defined by recent case authorities, 2) the trial court erred in failing to allow full disclosure of the Appellant's Workmen's Compensation claim involving the same accident as an exception to the general rule in Texas, 3) alternatively, the trial court erred in allowing defense counsel to read from a

portion of Appellant's deposition in the workmen's compensation case, and 4) the trial court erred in allowing a highway patrolman to testify as to Appellant's speed at the time of the accident.

## I.

Appellant relies principally on this Court's recent case of Rabinowitz et al. v. United States, 5 Cir., 366 F.2d 34. Rabinowitz v. United States, supra, involved criminal prosecution for perjury in the State of Georgia and presented the question of whether the method by which the jury list was compiled resulted *in an impermissible exclusion of a particular race*, to-wit, Negroes. In each case there was an attack on the grand jury by motion to dismiss the indictment and upon the petit jury by motion to quash the petit jury panel or venire. The proof of record, as reflected by the statistical recitations in the Court's opinion, 366 F.2d, at 38–39, demonstrated an overwhelming disparity between the percentage of the adult Negro population of the particular counties and the percentage of Negroes on their jury lists.

The principle asserted is that a federal jury should be "a cross-section of the community and truly representative of it." Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. See also: Brooks v. Beto, 5 Cir., 366 F.2d 1.

Appellant recognizes that *Rabinowitz* and *Brooks* were criminal cases that concerned the impermissible exclusion or inclusion of a particular race. He argues *by analogy* that *Rabinowitz* and *Brooks* control in situations of economic classes as well as race.

As a determinative issue in this case, this serious and far-reaching question is not properly and adequately presented.

■ The record reflects that the only effort by Appellant to raise the issue of the *general manner of selecting jurors* prior to his Motion for New Trial occurred "in chambers." This is shown in the Findings of Fact and Conclusions of Law filed by the Trial Judge; the inference from this Court entry in light of the silence of the record is that the objection as made there was oral. It is not denied that this objection in chambers was not made in the presence of Appellee's counsel. The eventual Motion for New Trial was over-ruled. The Motion did spell out in some detail the economic or employment status of the jurors that served and the circumstances which allegedly operated to exclude or minimize prospective jurors of a lower economic status. Such post-trial allegations standing alone do not, however, constitute reviewable evidence before this Court.

In the Trial Court's entry constituting its Findings of Fact and Conclusions of Law a statement on the manner of selecting a federal jury panel in the Beaumont Division of the Eastern District of Texas is included. The Trial Court's entry reads, inter alia,

"* * * The Jury Commission followed Title 28, Sections 1861, 1862 and 1864, U.S.C. and the key-man system was used. When lists of prospective jurors were received from key-men, the jury Commissioner and the Clerk of this Court mailed to each prospective juror a questionnaire approved by the Administrative Office of the United States Courts. Upon return of the questionnaires to the Jury Commission, same were examined by the Commissioner and the Clerk and only those questionnaires reflecting disqualification or exemption under either Section 1861 or Section 1862 were not used. Jury cards were made from those questionnaires of jurors selected by the Commission for placing in the jury wheel. When cards were completed, the Jury Commissioner and the Clerk placed cards in the jury wheel, alternately. When Order was received by the Jury Commission from the Court, the Jury Commission selected a jury panel from this wheel by drawing from such wheel by the Commissioner and the Clerk, alternately, the number of names designated in the Court's order. This group of jurors constituted the panel to try

878

jury cases and these jurors were drawn in the manner prescribed under Title 28, Section 1864, U.S.C."

This proof of record which is in *prima facie* compliance with the controlling federal statutes does not bring instant case within the proscription of *Rabinowitz*. This is so even assuming *arguendo* the strict application of that authority to the economic-status-of-jurors question in civil litigation.

Rule 7(b) (1), Federal Rules of Civil Procedure, provides, inter alia,

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, *shall be made in writing*, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. * * *"

██ A challenge to the entire jury panel, even ‚if otherwise properly presented, is untimely and impermissible if it is brought on after commencement of the trial. Frazier v. United States, 335 U.S. 497, 499–503, 69 S.Ct. 201, 93 L.Ed. 187. Closely related to the requirement of *timely* challenge to the array and the waivability of the objection is the burden of proof that is on the Movant, Frazier v. United States, supra, 503, citing Glasser v. United States, 315 U.S. 60, 87. The record of the trial here is barren of *any* timely tender of specific proof on the challenge. The allegations in the Motion for New Trial and in Appellant's brief before this Court are conclusionary in nature and vague. Procedurally, the issue was not properly or adequately raised; the burden of proof necessary to carry the issue is not approximately met by the Appellant.

## II.

██ 1. Appellant urges an exception to the general rule in Texas, which is too fundamental to require citation of authorities, that the question of insurance coverage cannot be raised before a jury in a personal injury action. The general principle applies with equal force in respect to workmen's compensa-

tion benefits. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Johnson v. Willoughby, Tex.Civ.App., 183 S.W.2d 201. The facts asserted by Appellant as sufficient to constitute an exception are three-fold, to-wit, that defense counsel was the same in both cases, that the insurance carrier for both Appellee's public liability and Appellant's employer's workmen's compensation program were the same, and that the doctor who was called to testify in the case had been hired by the insurance company in the workmen's compensation proceeding. It should be noted the doctor in question was called as a witness by the Appellant in instant case. The record does not reveal that Appellant's trial counsel sought to bring before the jury the considerations urged here that would tend to impugn the integrity and credibility of the medical testimony. Appellant cites no authority that would sustain an exception to the general rule in this case; nor is any commended by reason or compelled by fairness.

██ 2. Appellant's remaining contentions, evidentiary in nature, point to no error warranting reversal of the judgment below. That Appellee's defense counsel should be permitted to read from a deposition of Appellant's in the previous workmen's compensation proceeding, in the circumstances and in the manner it was done, is supported by the rule permitting impeachment by prior inconsistent statements. Sawyer v. Willis, Tex.Civ.App., 310 S.W.2d 398. The literal language which Appellant relies on in Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 278 S.W.2d 207, at 210, which merely states the rule concerning the impermissible insurance coverage issue, does not govern the limited evidentiary issue here in point.

██ The opinion evidence of the highway patrolman as to the speed of the vehicle prior to impact, to which Appellant here objects, was in fact brought out by his own trial counsel on cross-examination. Appellant's cited case of Salem v. State, Tex.Cr.App., 367 S.W.2d 335,

therefore, does not apply. Moreover, the issue of liability was found in favor of Appellant. No harm, in reason, could have resulted to Appellant on this question.

The judgment below is affirmed.