NO. 07-00-0151-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 10, 2001


______________________________



JERRY WAYNE LOUIS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY;



NO. 826,655; HON. BELINDA HILL, PRESIDING


_______________________________



Before BOYD, C.J., and QUINN, and JOHNSON, JJ.

 Jerry Wayne Louis (appellant) appeals his conviction for bail jumping. Through
eleven points of error, he claims that 1) the evidence is legally and factually insufficient to
support the jury's verdict, 2) his counsel was ineffective, 3) the trial court erred in admitting
evidence of an extraneous offense, 4) the trial court erred in denying him a mistrial due to
the State's supposed improper jury argument, and 5) the trial court abused its discretion by
denying appellant's motion to suppress. We affirm.


Points One and Two - Sufficiency of the Evidence


 Appellant initially contends that the evidence is legally and factually insufficient to
support the jury's verdict. His argument is premised upon the belief that re-indicting
someone for the same offense contained in a prior (untried) indictment invalidates or some
how supersedes the prior indictment. We disagree and overrule the points.

 According to the record, the State initially indicted appellant for theft. That indictment
was assigned Cause No. 802607. Upon his arrest for that crime he secured his release
through posting a bond. According to the face of the instrument, the sureties obligated
themselves to pay $80,000 if appellant failed to appear at the trial of Cause No. 802607. 
Prior to the trial of that cause, however, the State returned to the grand jury and induced it
to issue another indictment against appellant. Though the substantive offense for which he
was to be tried was the same as that encompassed in the first indictment, the second
included various enhancement paragraphs omitted from the first. Furthermore, the
proceeding represented by the second indictment was assigned Cause No. 811447. (1) Yet,
when it came time to try the accusations against appellant, the court set Cause No. 802607
for trial. Needless to say, appellant did not appear at the designated date and time. 
Consequently, the trial court forfeited the bond obtained in cause No. 802607, and the State
indicted, tried and convicted appellant for failing to appear at the trial of that same cause.

 Before us, appellant does not contend that he was unaware of the setting or that he
had justifiable reason to absent himself from the trial of Cause No. 802607. Instead, he
argues that he could not be convicted because the second indictment somehow
superceded or nullified the first. And, since the bond issued in reference to the first cause
was never amended to encompass Cause No. 811447, he could not be convicted of bail
jumping viz Cause No. 802607, the argument continues. So, as can be seen, the entirety
of appellant's position is based upon the belief that re-indicting an accused for the same
offense encompassed in a prior indictment automatically vitiates the prior indictment. 
Therein lies the problem with appellant's contention for the premise upon which he relies
is wrong.

 That an accused has been indicted does not prevent the State from re-indicting him
for the same offense or for an offense arising from the same act. Wallace v. State, 145
Tex. Cr. R. 625,170 S.W.2d 762, 764 (Tex. Crim. App. 1943); Bonner v. State, 29 Tex. App.
230,15 S.W. 821, 821 (Tex. App. 1890). And, when such a circumstance occurs, it is clear
that the second indictment merely institutes another, new criminal action against the
accused. Trevino v. State, 900 S.W.2d 815, 817 (Tex. App.-Corpus Christi 1995, no pet.). 
It does not ipso facto vitiate the first. That this is true is illustrated by the court's words in
Bonner. There, in recognizing the authority of the State to re-indict an accused, the court
noted that the State was put to the choice of having to select which action to prosecute. 
Bonner v. State, 15 S.W. at 821 (stating that though a prior indictment does not bar a
subsequent one for the same offense, the accused can only be tried upon one). If the
second indictment automatically negated the first, then there would be no need to choose. 
Yet, because the Bonner court said that the State had to choose which to pursue, we must
necessarily deduce that the first charging instrument was not nullified simply through the
execution of a second one. See United States v. Stricklin, 591 F.2d 1112, 1115 n.1 (5th
Cir.), cert. denied, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979) (recognizing that two
indictments involving the same crime may be outstanding at the same time). In applying
this reasoning to the case at bar, we hold that the first indictment issued against appellant
remained viable despite the issuance of the second. And, because it remained viable, the
foundation underlying appellant's contentions is inaccurate. So, we reject the contentions
and hold that the State was entitled to prosecute and convict appellant when he failed to
appear on May 14, 1999 for the trial of Cause No. 802607.

Points Three and Four - Ineffective Assistance of Counsel

 Next, appellant alleges that his trial counsel rendered ineffective assistance because
he did not strike Freda McNamara from the jury venire. McNamara was allegedly
susceptible to exclusion once she professed a bias toward police officers. That is, she
informed the court during voir dire that she would assign greater credibility to a police officer
since she had been married to one for a number of years and had known many others. In
view of this comment, appellant's counsel should have struck McNamara from the venire
or otherwise challenged her for cause, so says appellant. And, because he did not, counsel
was allegedly ineffective, which ineffectiveness entitled appellant to a new trial. We
disagree and overrule the points for several reasons. 

 Assuming arguendo that the failure to strike a potentially bias venire member fell
below the standard of prevailing professional norms, appellant does not gauge the effect
of this mistake against the totality of the representation provided him. (2) See McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct.
966, 136 L.Ed.2d 851 (1997) (holding that the appellant must prove that counsel's errors
"judged by the totality of the representation, not by isolated instances of error . . . denied
him a fair trial"). Nor does he attempt to illustrate why the outcome of the trial would have
differed but for the purported mistake. See Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000), cert. denied, _U.S._, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001) (holding that
an appellant must prove there exists a reasonable probability that the outcome would have
been different but for counsel's unprofessional errors). Indeed, he ignores the evidence
illustrating that his trial attorney filed pre-trial motions, conducted an active voir dire,
vigorously cross-examined opposing witnesses, voiced objections to evidence and
argument, proffered witnesses on behalf of appellant, and argued on behalf of his client
during both the guilt / innocence and punishment phases of the trial. So too does he ignore
1) the large quantum of evidence evincing his guilt for the crime charged in the indictment
and 2) his own admission that he had committed and been convicted of the felonies alleged
in the indictment for purposes of enhancement. (3) Given the limited focus of appellant's
complaint, the totality of the representation provided appellant at trial, and the quantum of
the evidence illustrating his guilt and supporting the sentence levied, we cannot say that but
for the supposed mistake there existed a reasonable probability that the outcome would
have differed. 


Points Five and Six - Admission of Evidence of Flight

 Through his fifth and sixth points of error, appellant claims the trial court erred in
admitting evidence of an extraneous offense, i.e. his high speed flight from policemen when
they encountered him after May 14, 1999. Allegedly, the trial court erred because the
evidence was either irrelevant or too prejudicial (assuming it had relevance). We overrule
the point for several reasons.

 First, evidence of flight has been held to evince a consciousness of guilt, as appellant
himself acknowledges. Bigby v. State, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994), cert.
denied, 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995). So, it was relevant to the
issue of mens rea. Second, the evidence of flight also tends to rebut appellant's belief that
he was entitled to excuse himself from appearing because he did not think his attorney was
prepared. Simply put, if he did not believe he had to appear, there would be no reason for
him to flee when seen by the police. Third, the jurors were instructed to limit their
consideration of the evidence to the purpose for which it was admitted. Fourth, while the
evidence in question may evince the commission of another crime (i.e. resisting arrest) we
cannot say with any confidence that it was of the ilk which would induce jurors to convict
appellant for reasons other than his guilt for the offense charged in the indictment. It did
not involve a crime which the public may generally find to be heinous, such as sexual
assault. Nor does it necessarily cause one's emotions to become enraged. Thus, the
potential of its admission into evidence causing undue prejudice was de minimis.

 Finally, even assuming arguendo that the trial court erred in receiving it into 
evidence, we have difficulty in seeing how appellant was harmed. Again, the evidence of
appellant's guilt for the offense charged was overwhelming. Brown v. State, 978 S.W.2d
708, 714 (Tex. App. - Amarillo 1998, pet. ref'd.) (recognizing that the quantum of evidence
indicating guilt is a factor to be considered in assessing harm). Moreover, that evidence not
only came from third-parties but also from appellant's own mouth. He himself admitted that
he knew of the trial date but opted not to appear. Moreover, appellant refers us to nothing
of record which would support an inference that proof of his flight from the police somehow
influenced the jury's verdict. Instead, he merely concludes that the supposed error was
harmful. So, without evidence of harm, we can hardly call foul.

Points Seven through Ten - Improper Jury Argument

 Appellant next alleges that the trial court erred in denying him a mistrial. He believed
himself entitled to same because the State allegedly engaged in improper jury argument at
both the guilt / innocence and punishment phases of the trial. We disagree and overrule
the point.

 As to the first instance of impropriety, the State uttered (during its summation in the
guilt / innocence phase) that "defendants lie." Appellant objected to the comment, which
objection the court sustained. So too did the court instruct the jury to disregard the
utterance, as requested by appellant. Because the trial court instructed the jury to
disregard the comment, we not only presume that the jury obeyed, Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998) (noting that we presume the court's instructions
are followed by the jury), but also conclude that the instruction ameliorated any potential
harm. Wilkerson v. State, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994) cert. denied, 513
U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994) (holding that an instruction to disregard
a comment normally cures the error). This is especially so where, as here, the comment
was 1) not repeated or otherwise highlighted by the State, 2) a brief remark encompassed
within permissible argument, and 3) not of the type sufficiently egregious or extreme to
survive an instruction to disregard. Thus, we find that the trial court did not abuse its
discretion when it denied appellant's motion for mistrial. 

 As to the second instance, the State argued (during summation in the punishment
phase) that appellant's family did not appear as witnesses because they had "given up on
him." Again, appellant objected, and, again, the trial court sustained the objection. So too
did the trial court grant appellant's request for an instruction and direct the jury to disregard
the comment. Yet, like before, it refused to grant a mistrial. Given that the court instructed
the jury to disregard the utterance, that we must presume the jury abided by the instruction,
and that the comment at issue was not so flagrant as to survive the ameliorative effect of
an instruction to disregard, we again find no abused discretion on the part of the trial court.

Point Eleven - Motion to Suppress Extraneous Offenses

 Finally, appellant alleges that the trial court erred in refusing to grant his motion to
suppress evidence. We overrule the point.

 As the complainant on appeal, an appellant has the burden to inform us of the
supposed error and explain why it warrants reversal of the judgment. It is not our obligation
to divine or develop issues for him. Nor are we required to blindly peruse a voluminous
record to discover evidentiary support for the issues laid before us. Labrador Oil Co. v.
Norton Drilling Co., 1 S.W.3d 795, 802-803 (Tex. App.--Amarillo 1999, no pet.). Again, the
duty lies with appellant to provide us with a "clear and concise argument" as well as "citation
to authorities and to the record." Tex. R. App. Proc. 38.1(h); Labrador Oil Co. v. Norton
Drilling Co., 1 S.W.3d at 802-803 (stating that the appellant has the burden of directing the
appellate court to the portions of the record which supported his complaint). Should he fail
to do so, he has neither met his burden or preserved his complaint for review. 

 Here, in his nine page discussion on the law of search and seizure, appellant omitted
from his appellate brief specific reference to the items allegedly obtained through the
supposed improper search. Similarly absent is specific reference to where in the record this
unknown matter was offered and received into evidence at the trial of the cause. This is of
some moment for if the items were not tendered into evidence they could not be the source
of error. Fain v. State, 986 S.W.2d 666, 681-82 (Tex. App.--Austin 1998, pet. ref'd.) (noting
the appellant's failure to identify the items allegedly seized and to direct the court's attention
to record where such items were introduced into evidence). In effect, the appellant left us
to wade through at least nine volumes of record in search of unknown evidence to fill the
void within his brief. And, because we are left to do that, we conclude that appellant failed
to carry his appellate burden and preserve his complaint.

 The judgment of the trial court is affirmed.

 

 Brian Quinn

 Justice


Publish.
1. The record does not reflect that the State dismissed the first indictment after obtaining the
second.
2. We say "potentially bias" because this same venire member acknowledged that there exist both
good and bad policemen. This implicitly suggests that she knows that some officers cannot be trusted or
believed. 
3. Appellant admitted that he knew of the May 14, 1999 trial date and opted not to appear. So too
did he plead true to being previously convicted of escape and burglarizing a motor vehicle, both of which
were felonies averred in the indictment for purposes of enhancement.