## WALTER BELL v. THE STATE.

### No. 2354. Decided May 14, 1913.

**1.—Theft from Person—Attempt to Commit Theft from Person—Degrees of Offense.**

Where the indictment charged theft from the person by privately taking from the possession of the person injured certain property, the offense of an attempt to commit theft from the person was included in said offense, and the court correctly submitted that question to the jury for its finding, under articles 771 and 772, Code Criminal Procedure.

**2.—Same—Additional Charge of Court.**

Where, upon trial of theft from the person, the jury asked for additional instructions and the court properly submitted same under article 754, Code Criminal Procedure, there was no error, although the court had submitted the question in his original charge, but it became necessary on account of the argument of defendant's counsel to further instruct the jury.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of an attempt to privately steal from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of an attempt to privately steal from the person, and his punishment fixed at two years in the penitentiary.

The indictment was in two counts,—the first properly and fully alleging that appellant unlawfully, fraudulently and privately stole one pocketbook containing money from B. T. Campbell without the knowledge and consent of said Campbell and with the intent, etc. The second count was quashed and the case was in no way submitted to the jury under that count. Hence, it is unnecessary to further state it.

The court, in an apt, full and correct charge, submitted the case under the charge of a completed theft privately from the person. He also, in the main charge, submitted the question of an attempt to commit said offense. In addition to the court's charge of theft privately from the person, he gave, at appellant's instance, his only requested charge on that subject to the effect that if the jury found that appellant took said purse and money from the person and possession of Camp-

bell, but at the time of said taking and before appellant secured possession of the purse, Campbell had knowledge of said taking, or if they had a reasonable doubt of it, to acquit him of theft from the person. It seems that the case was fought out by appellant on the theory, as shown by his said special charge and the argument of his counsel before the jury, that they could convict appellant only of the offense of theft from the person and under the indictment they could not convict him for an attempt to commit such theft.

It is shown that the jury became confused and did not understand from the main charge of the court, under appellant's said contention, whether they could convict him of an attempt to commit such theft. They thereupon, after being out some time, returned into open court and propounded this written question to the court: "Judge Calhoun: Are we, the jury, permitted to render verdict finding the defendant guilty of attempt at theft under this indictment on the first count?" In answer thereto the court submitted to the jury this further written charge:

"Gentlemen of the Jury: In answer to the question asked by you, the jury are instructed that under the law if they find from the evidence in this case beyond a reasonable doubt that the defendant is guilty of an attempt to commit the offense of theft from the person, that is, that in the County of Travis and State of Texas, on or about the 8th day of October, 1912, and before the presentment of this indictment, the defendant, Walter Bell, did then and there attempt to unlawfully, fraudulently and privately take from the possession and the person of one B. T. Campbell, corporeal personal property of the said B. T. Campbell, without the knowledge of the said B. T. Campbell and with the intent to deprive the said B. T. Campbell of the value thereof and with the intent to appropriate said corporeal personal property to the use and benefit of him, the said Walter Bell, then the jury would be authorized under the law to find the defendant guilty of an attempt to commit the offense of theft from the person, under the indictment in this case."

Appellant's contentions are that the evidence is insufficient to sustain the verdict; that appellant was convicted of an offense not charged in the indictment; that the verdict has the effect of an acquittal under the charge in the indictment; that the court erred in submitting the issue of attempt to commit theft from the person, because no such offense is charged in the indictment; and that the said additional charge in answer to the jury's question should not have been submitted because the original main charge had sufficiently set forth the law on said question and the giving of said special instruction was upon the weight of the evidence.

None of appellant's contentions are sound. Under the main charge of the court and the special requested charge by appellant, which was given, the evidence that Campbell knew appellant was attempting to steal his purse containing his money out of his pocket and that he de-

tected him thereat, before he completed the theft, was such as not to satisfy the jury that the actual taking was complete before Campbell knew it. At least, the evidence on this point under appellant's contention before the jury and said charges, was such that the jury was not satisfied therefrom that the theft privately was not completed before Campbell knew it. And under appellant's contention and argument before the jury it is shown that they did not know from the main charge of the court whether they could convict him under said indictment of an attempt to privately steal. Hence, their question to the court and the court's charge in answer thereto. The evidence, in our opinion, was clearly sufficient to show an attempted theft privately from the person if it was not sufficient to show such completed theft.

Our statutes, articles 1350 and 1351, Penal Code, make it an offense to privately steal from the person and that in order to constitute such offense the "theft must be committed without the knowledge of the person from whom the property is taken." But the next article, 1352, under the same chapter, prescribes: "If any person shall attempt to commit the offense of theft from the person, as defined in the two preceding articles, he shall be punished by confinement in the penitentiary not less than one nor more than three years," which was an amendment added to the said other two articles by the Act of 1909.

By article 772, Code Criminal Procedure, it is provided: "The following offenses include different degrees" (after specifying several other offenses) subdivision 13 is: "13. Every offense includes within it an attempt to commit the offense, when such an attempt is made penal by law." And article 771, Code Criminal Procedure, is: "Where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment or information."

So that clearly under this indictment charging theft privately from the person, was included the offense of an attempt to commit theft from the person, and the court correctly submitted that question to the jury for its finding.

Our statute, article 754, Code Criminal Procedure, prescribes: "The jury, after having retired, may ask further instruction of the judge touching any matter of law. For this purpose, the jury shall appear before the judge, in open court, in a body, and through their foreman shall state to the court, either verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given, except upon the particular point on which it is asked." This statute is shown to have been literally complied with in this case. Notwithstanding the court had submitted this question to the jury for a finding in an original charge, yet it is shown by the qualification of the judge to appellant's exception to said special charge in answer to said question by the jury that "defendant's counsel had argued to the jury that they

could convict the defendant only of the offense of theft from the person under the first count in the indictment, which evidently had confused the jury, and therefore they asked for further instructions, and the court gave said further instructions as above set out."

This court in the recent case of Harrison v. State, 153 S. W. Rep., 139, in considering said article 754, said: "The statute above quoted makes it his (the judge's) duty to instruct the jury on the particular question they ask; and while the statute says that no instruction shall be given, except upon the particular point upon which it is asked, it does not mean, and has not been construed by the court to mean, that, because thereof, the court can not at that or any other time before the verdict correctly charge the jury on any matter thought necessary or proper by him. Neither does this statute mean that the court must give the shortest possible answer to such a question, as he might have done in this case by the word 'No' or the one word 'Yes'; but it would be proper, as was done in this case, to briefly and succinctly tell the jury correctly what to do in consideration of the question propounded by the jury and answered by the court."

In this case, we think it was proper for the court in answering the question propounded by the jury to give such charge as was given, and that it was not upon the weight of the testimony as claimed by appellant. There is nothing else necessary to discuss. The judgment will be affirmed.

*Affirmed.*