HICK BRAMLETT V. THE STATE.

No. 7072.   Decided January 31, 1923.

**1.—Theft from Person—Attempt to Commit Such Theft.**

Where, upon trial of theft from the person, the court, according to the facts in evidence, submitted a charge both on theft from the person and the attempt to commit such theft, and in addition to the main charge gave defendant's requested charge thereon, but refused a requested charge on the same subject, there was no reversible error.

**2.—Same—Attempt to Commit Theft from the Person—Charge of Court.**

Where defendant insisted that the trial court committed error in submitting the issue of attempt to commit theft from the person at all because it had not been raised by the evidence, but the record on appeal showed otherwise, there was no reversible error. Following Bell v. State, 70 Texas Crim. Rep., 466.

**3.—Same—Argument of Counsel—Bill of Exceptions.**

Where no bill of exceptions to the argument of State's counsel appeared in the record, the same is not properly presented for review.

Appeal from the District Court of Cherokee.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of theft from the person; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was indicted for theft from the person of one J. P. Todd. Conviction is for attempted theft from the person, with punishment fixed at one year confinement in the penitentiary.

J. P. Todd was an elderly man. On one Sunday in the town of Tecula in Cherokee County he commenced drinking intoxicating liquor with appellant and one Kirby. The transaction, so far as the

drinking of the liquor is concerned, culminated in Todd going to the depot in the little town and becoming drowsy or partially unconscious from the effects of it. Todd testified that about night appellant and Kirby roused him up, one being on ι .e side and one on the other; that Kirby was leaning over his shoulder attempting to get witness' watch; that he immediately put his hand to his pocket and found his pocket book already gone; that appellant was on the side nearest where his pocket book had been. Kirby and appellant were both indicted. Todd had testified in the Kirby case the day preceding the trial of the instant case. On the trial of this case appellant introduced Todd's testimony in the Kirby case which was to the effect that he roused up and knew when his pocket book was taken, but that Kirby was holding him and he was thereby kept from preventing the taking. It is not necessaɪ, to detail the other evidence in the case at length. It is sufficient to connect appellant with the taking of Todd's property. Upon this state of the evidence the court submitted a charge ᴸoth on theft from the person and the attempt to commit such theft. In addition to the main charge upon that subject he gave at appellant's request the following charge:

"You are instructed that before you can convict the defendant in this case for attempt to commit theft from the person, you must find from legal and competent evidence beyond a reasonable doubt, that said attempt, if there was an attempt, was an attempt to take said purse and money privately and without the knowledge of the said J. P. Todd; and if you believe that the attempt to take said purse and money, if there was an attempt, was an attempᴸ to take it by force and not privately and without the knowledge of said J. P. Todd, you cannot convict the defendant for attempt to commit theft from person."

Appellant also requested another special charge and complains at its refusal. The same principle is included in the charge heretofore quoted, and we find no error in declining to give the second special charge upon the same subject.

It is insisted that the court committed error in submitting the issue of attempt to commit theft from the person at all upon the contention that it was not raised by the evidence. We are unable to agree with appellant in this position. Article 1350 P. C. fixes the punishment for the offense of theft from the person; Article 1351 defines the ingredients of that offense, and Article 1352 provides:

"If any person shall attempt to commit the offense of theft from the person, as defined in the two preceding articles, he shall be punished by confinement in the penitentiary not less than one nor more than three years."

If appellant and Kirby undertook to commit the offense of theft from the person of Todd, and in the attempt to do so aroused him until he had knowledge of the taking of his property, we are unable to understand why the attempt to commit theft from the person was an in-

complete offense. The case of Bell v. State, 70 Texas Crim. Rep., 466, 156 S. W. Rep., 1194 settles all of appellant's contentions relative to this matter against him, and is directly in point.

In his motion for new trial appellant complains of certain argument of the district attorney referring to the character of appellant, and also to a question asked by the district attorney which was never answered. In his bill of exception number four he brings that matter forward for review, setting out in the bill the same things contained in one paragraph of his motion for new trial. The bill is only an exception to the overruling of the motion. We do not find in the record any bill of exception to the argument of the district attorney, or to the question complained of as having been objectionable and it is therefore not properly before us for review.

Finding no error in the record the judgment of the trial court is affirmed.

*Affirmed.*