**William DAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49859.

Court of Criminal Appeals of Texas.

July 16, 1975.

On Rehearing Feb. 4, 1976.

B. Hal Miner, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Bruce Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The appellant brings this appeal from a conviction for the offense of burglary with intent to commit theft. Following the return of the jury's verdict of guilty, the court assessed punishment at seven (7) years' confinement in the Texas Department of Corrections.

The appellant contends that the evidence at trial raised the issue of criminal trespass and argues that such offense is a lesser included offense of burglary. He therefore urges that the trial court committed reversible error in failing to submit to the jury one of his two requested instructions concerning the issue of criminal trespass.

The evidence at trial shows that at approximately 3 a. m. on the morning of March 13, 1974, two Amarillo city policemen on routine patrol noticed that a front window of the Underwood's Bar-B-Q located in Amarillo had been broken out. After additional police units arrived, two officers broke out the remaining glass of the broken window and entered the restaurant. They found a large rock located inside the restaurant near the broken window. A cigarette machine was overturned in the dining room, its glass front broken, and its "rods" and "bars" torn out. Numerous packs of ciga-

rettes were scattered on the floor beside the cigarette machine. Several items, including an electric razor, an adding machine, an ashtray and four screwdrivers were located in a cardboard box in the dining room in the immediate vicinity of the cigarette machine. The door to the manager's office was open and a metal vent on the door appeared to have been kicked in or pried loose. The police apprehended the appellant near a set of swinging doors between the dining room and kitchen, and recovered from him a letter opener found during a search of his person at the police station.

The restaurant manager, Mr. Collie, testified that he had care, custody, and control of the restaurant. He stated that he closed the restaurant to the public at approximately 9 p. m. on March 12, 1974, and had not given anyone permission to break the front window and enter the store. Mr. Collie testified that the letter opener found on the appellant's person as well as the electric razor, adding machine, ashtray, and four screwdrivers found in the cardboard box in the dining room were all located in his office when he had left work on March 12.

The appellant, testifying in his own behalf, stated that at approximately 3 a. m. on the date in question he was proceeding past Underwood's on the way home from a girlfriend's house. He stated that he observed a man come out of the restaurant and then noticed that a window had been broken out. The appellant testified that he entered the restaurant through the broken window intending to telephone the police to report the broken window. He stated that the cigarette machine was already overturned and the cigarette packs already scattered on the floor at the time of his entry. The appellant testified that he stepped on the letter opener and then put it in his pocket as a "reflex action." By his testimony, he was unable to find a light switch or telephone and was apprehended by the police approximately two minutes after entry.

The trial court instructed the jury on the law of burglary, but refused to submit either one of the appellant's two requested instructions on the law of criminal trespass.

■■■ Our initial inquiry concerns whether criminal trespass is, as the appellant contends, a lesser included offense of burglary. Article 37.09, Vernon's Ann.C. C.P., provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

The offense of burglary, contained in Section 30.02, V.T.C.A., Penal Code, is as follows:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony of theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft.

"(b) For purposes of this section, 'enter' means to intrude:

"(1) any part of the body; or

"(2) any physical object connected with the body.

"(c) Except as provided in Subsection (d) of this section, an offense under this section is a felony of the second degree.

"(d) An offense under this section is a felony of the first degree if:

"(1) the premises are a habitation; or

"(2) any party to the offense is armed with explosives or a deadly weapon; or

"(3) any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building."

From examination of the statute, it is obvious that burglary can be committed in either one of three distinct ways: (1) by entering a habitation or building not then open to the public without the effective consent of the owner with the intent to commit a felony or theft; or (2) by remaining concealed in a habitation or building without the effective consent of the owner with the intent to commit a felony or theft; or (3) by entering a habitation or building without the effective consent of the owner and committing or attempting to commit a felony or theft. The elements of the three types of burglary are set out following:

Burglary with intent to commit a felony or theft

(1) a person

(2) without the effective consent of the owner

(3) enters a habitation or building not then open to the public

(4) with the intent to commit a felony or theft.

Burglary by remaining concealed

(1) a person

(2) without the effective consent of the owner

(3) remains concealed in a habitation or building

(4) with the intent to commit a felony or theft.

Burglary by committing a felony or theft

(1) a person

(2) without the effective consent of the owner

(3) enters a habitation or building

(4) knowingly or intentionally,[1] and

(5) commits or attempts to commit a felony or theft.

■ The offense of criminal trespass, contained in Section 30.05, V.T.C.A., Penal Code, is as follows:

"(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

"(1) had notice that the entry was forbidden; or

"(2) received notice to depart but failed to do so.

"(b) For purposes of this section:

"(1) 'entry' means the intrusion of the entire body; and

"(2) 'notice' means:

"(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

1. Though no culpable mental state is mentioned in the language of Section 30.02, V.T.C.A., Penal Code, for this type of burglary, subsections (b) and (c) of Section 6.02, supra, clearly require proof of either intent, knowledge, or recklessness unless the definition of the offense plainly dispenses with any mental element. Since by its definition (see Section 6.03(c), supra) recklessness applies only to situations where the actor "is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur," it would seem to be inapplicable as proof of the culpable mental state required for this type of burglary. This conclusion is reasonable since it is difficult to imagine a situation where a person would recklessly enter a building or habitation and commit or attempt to commit a felony or theft. It is much more reasonable to conclude that a person knowingly or intentionally enters a building or habitation wherein he commits or attempts to commit a felony or theft. Therefore, we hold that to constitute the offense of burglary by committing a felony or theft, the proof must show that the entry was either knowingly or intentionally done.

"(B) fencing or other enclosure obviously designed to exclude intruders; or

"(C) signs posted to be reasonably likely to come to the attention of intruders.

"(c) An offense under this section is a Class C misdemeanor unless it is committed in a habitation, in which event it is a Class A misdemeanor."

The offense of criminal trespass therefore consists of the following elements:

(1) a person

(2) without effective consent

(3) enters or remains on the property or in a building of another

(4) knowingly or intentionally or recklessly [2]

(5) when he had notice that entry was forbidden or received notice to depart but failed to do so.

As can be seen, the first three elements of each of the three types of burglary and criminal trespass are virtually identical. The fourth main element of burglary, either the specific intent to commit or the actual commission or attempted commission of a felony or theft, depending on the type of burglary involved, is absent from the offense of criminal trespass.

The State argues that criminal trespass contains an additional element, "notice," which is not contained in the offense of burglary and therefore the requirement of Article 37.09(1), Vernon's Ann.C.C.P., would not be satisfied since the offense of criminal trespass would not be established by proof of the same or less than all of the facts required to prove burglary. It appears, however, that the State has failed to consider the obvious intent of the Legislature in including the "notice" requirement in the criminal trespass statute. It is apparent that the requirement of "notice" was intended to prevent an innocent trespass upon the "property" of another from incurring criminal liability. For example, where one innocently trespasses upon the unfenced and unposted land of another, no criminal offense would be committed. However, in a situation such as that presented in the present case where the proof shows that the accused entered a building not then open to the public, the "notice" requirement would be satisfied by proof of entry into the building since "notice" can be established by a "fencing or other enclosure obviously designed to exclude intruders." See Section 30.05(b)(2)(B), V.T.C.A., Penal Code. Therefore, the elements of criminal trespass, including "notice," could be established by proof of the same facts necessary to prove the offense of burglary. The proof of additional facts would not be necessary, and the requirement of Article 37.09(1), Vernon's Ann.C.C.P., would be satisfied.

█ Therefore, we hold that the offense of criminal trespass is a lesser included offense of all three types of burglary.

██ Our next inquiry concerns whether there was sufficient evidence at trial to have required the court to submit to the jury the issue of criminal trespass. It is well settled that if facts adduced at trial raise an issue and a charge on such issue is properly requested, then a charge on the issue must be given. See *Esparza v. State*, 520 S.W.2d 891 (Tex.Cr.App.1975); *Stiles v. State*, 520 S.W.2d 894 (Tex.Cr.App.1975); *Sargent v. State*, 518 S.W.2d 807 (Tex.Cr. App.1975); *Ray v. State*, 515 S.W.2d 664 (Tex.Cr.App.1974); *Carter v. State*, 515 S.W.2d 668 (Tex.Cr.App.1974). It is further well settled that a defendant's testimony alone is sufficient to raise an issue. *Sargent v. State*, supra; *Ray v. State*, supra; *Carter v. State*, supra.

**2.** Other than the "notice" requirement, there appears to be no culpable mental state required by the language of Section 30.05, V.T.C.A., Penal Code. Since its language does not plainly dispense with the requirement of proof of a mental element, subsections (b) and (c) of Section 6.02, supra, clearly require proof of either intent, knowledge, or recklessness.

In the present case, the testimony of the appellant that he entered the restaurant through a broken window in order to telephone the police raised some evidence of a lack of a specific intention on his part to commit a felony or theft. As discussed previously in this opinion, the fact that the appellant entered a building not then open to the public was sufficient to establish the "notice" requirement. The testimony of the restaurant manager during cross-examination furnished further proof of "notice" that entry into the restaurant was forbidden:

"Q. All right. Now, Mr. Collie, when the doors are locked at Underwood's, there is no other way to get in, is there?

"A. Except break through a glass.

"Q. Except illegally, right?

"A. Right.

"Q. The doors are locked and all the windows are closed and there is no other way to get in there legally?

"A. No sir.

"Q. Would you call that an enclosure obviously designed to exclude intruders?

"A. Well, sir, that's why I lock the doors. You mean to keep them out?

"Q. Obviously it should exclude intruders, correct?

"A. Yes sir.

"Q. People should know they are not supposed to get in there, is that true?

"A. Yes sir.

"Q. A reasonable man would be on notice that he's not to enter that building when those doors are locked?

"A. That's my judgment."

Therefore, the facts in the evidence at trial were sufficient to raise the issue of criminal trespass, and the failure of the court to submit to the jury a requested charge on such constitutes reversible error.

The dissent relies heavily upon *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974), an opinion authored for the court by this writer. In that prosecution for assault with intent to rape, the defendant complained on appeal of the trial court's failure to charge on aggravated assault. First, the *McBrayer* opinion noted that the evidence did not raise the issue of aggravated assault, and citing 4 Branch's Ann.P.C., Sec. 1889, p. 219, held that where the case is either assault with intent to rape or that the defendant is not guilty of any offense, it is not error to fail or refuse to charge on aggravated assault. Though not necessary to the disposition of the ground of error involved, the *McBrayer* opinion states:

"Still further, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense. See *Hale v. State*, 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); *Daywood v. State*, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952)."

The dissent in the instant case seizes upon this paragraph, but completely misreads and misinterprets it. The dissent reads it as holding that it is not error to fail to charge on a lesser included offense unless the evidence shows that the only offense of which the accused could be guilty is the lesser included offense. This is not the law, should not be the law, and has never been the law. Surely it cannot be contended that if there is evidence *raising the issue of* a lesser included offense an accused would not be entitled to a charge on the same merely because there is also other evidence which supports proof of the greater offense charged or some other offense.

In *Daywood*, this court in 1952, speaking through Judge Morrison, wrote:

". . . At this juncture, it will be noted that, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is

not required *unless there is testimony raising the issue that the appellant, if guilty at all, is guilty only of a lesser offense included in the greater offense charged*". (Emphasis supplied)

The *Daywood* opinion then observed that there was no evidence in the record to raise the issue of the lesser included offense of aggravated assault. In cases which have cited *Daywood* regarding this proposition of law, it appears from an examination of the opinions that in each case there was *no* evidence raising the issue of a lesser included offense. See *Hale v. State*, 164 Tex.Cr. 482, 300 S.W.2d 75 (Tex.Cr.App.1957); *Bush v. State*, 358 S.W.2d 384 (Tex.Cr.App.1962); *Lewis v. State*, 479 S.W.2d 74, 75 (Tex.Cr. App.1972); *McBrayer v. State*, supra.

It is clear then that the dissent cites *McBrayer* for the wrong proposition and goes further and infers that if the proof reflects some offense other than charged in the indictment, then no jury instruction on the lesser included offense of the offense charged needs to be given regardless of the evidence raising the same. This is strange logic indeed.

The judgment is reversed and the cause is remanded.

ROBERTS, Judge (concurring).

I agree with the Court that criminal trespass is a lesser included offense of burglary under the new Penal Code. The main element distinguishing criminal trespass from the burglary alleged and proven here (under Art. 30.02(a)(1), V.T.C.A., Penal Code) is the intent to commit theft. Since this element was not conclusively established, the issue of criminal trespass was raised.

I add this brief concurrence only for the purpose of identifying the area of my disagreement with the dissenters. It is true, as they contend, that the element of theft was conclusively established. Since theft distinguishes burglary under Art. 30.02(a)(3) from criminal trespass, no issue of criminal trespass would be raised if this were a prosecution under 30.02(a)(3).

But the commission of a theft was not pleaded. Appellant was not on notice that he would have to defend against such an allegation. His entire defense was directed at the "intent to commit theft" allegation in the indictment. Under these circumstances, it would be patently unfair to deny him the opportunity of defending against the charge of which the dissenters find him guilty.

Nor is it any answer to say that the intent to commit theft could be presumed from the proof of the theft, since "intent to commit theft" was an issue at trial. Nor is it appropriate to say that the jury resolved the issue of "intent to commit theft" against the appellant. These statements would provide good post hoc rationalizations for the result, but they would miss appellant's primary contention: that the jury should have been given an opportunity to find appellant guilty of an offense which did not involve "intent to commit theft."

For the foregoing reasons, I cannot agree with the dissenters' position. I concur in the opinion of the Court.

DOUGLAS, Judge (dissenting).

Appellant testified and admitted that he entered the building without consent and committed theft. The trial court instructed the jury on the law of burglary but refused to submit either one of the appellant's two requested instructions on the law of criminal trespass. The offense of burglary, contained in Section 30.02, V.T.C.A., Penal Code, provides, in part, as follows:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft."

The offense of criminal trespass, contained in Section 30.05, V.T.C.A., Penal Code, is as follows:

"(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

"(1) had notice that the entry was forbidden; or

"(2) received notice to depart but failed to do so.

"(b) For purposes of this section:

"(a) 'entry' means the intrusion of the entire body; and

"(2) 'notice' means:

"(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

"(B) fencing or other enclosure obviously designed to exclude intruders; or

"(C) signs posted to be reasonably likely to come to the attention of intruders.

"(c) An offense under this section is a Class C misdemeanor unless it is committed in a habitation, in which event it is a Class A misdemeanor."

In *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974), this Court held that

". . . a charge on the lesser [included offense] is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense."

The *McBrayer* opinion takes the statement from 4 Branch's Ann.P.C.2d, Section 1889, page 219. It is or was a good rule.

Appellant by his own testimony shows him to be guilty of burglary under Section 30.02(a)(3), supra. He entered the building without the consent of the owner and while there committed theft by taking the letter opener, putting it in his pocket and trying to sell or give it away. His testimony did not show that he was guilty only of a lesser included offense. It is not necessary to decide if criminal trespass is a lesser included offense of the offense of burglary under the facts of this case.

The court did not err in refusing to give the requested instructions.

Assuming that the charge should have been given, if there was ever harmless error in a court's charge, it is in this case. The Legislature no doubt had instances such as this in mind when it passed the predecessors of and Article 36.19, V.A.C.C.P., which provides that a judgment shall not be reversed for an error in the court's charge "unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ."

In this case the appellant testified to an unbelievable and fantastic story. He admitted on direct examination that he had been convicted for the offense of grand larceny in Oklahoma and had been out on parole for only three months prior to being caught in the burglarized building at approximately three o'clock in the morning. He had in his pocket a Japanese knife or letter opener that had been taken from the desk of the manager of the cafeteria. He attempted to sell the knife to one of the officers. His explanation was that he entered the building at three o'clock in the morning to call the police after he had seen a man running from the building. His testimony was that he entered the building to make the call because he was walking and was some five or six blocks from his motel and he did not want to wait that long. This testimony was from a man who was on parole for a crime involving theft.

The majority reverses because the court did not instruct the jury in effect that if appellant entered the building with no intent to steal they could find him guilty of the misdemeanor offense of criminal trespass. He admitted stealing the knife "by reflex action" and trying to sell it.

The majority should apply (or at least discuss) the mandate of the Legislature and

not reverse for a harmless error in the court's charge. Would the jury have reached a different result had the charge been given? This is the question. The explanation by appellant is unbelievable. It is submitted that no reasonable jury would have reached a different result had the requested charge been given.

Would the majority reverse if the appellant had testified that he went through the window in a landing from a space craft? Probably so, based on its opinion in this case, because there would be evidence raising the issue.

See the dissenting opinions in *Thompson v. State*, 521 S.W.2d 621 (Tex.Cr.App.1975). The charge was assault with intent to murder a police officer. The officer testified that Thompson shot at him four times. Thompson testified that his gun accidentally discharged four times. That case was reversed because the trial court did not charge on aggravated assault.

The judgment should be affirmed.

MORRISON, J., joins in this dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

On original submission appellant's conviction was reversed for failure of the trial court to submit a charge on the lesser included offense of criminal trespass. We held that the evidence raised the issue and that under Art. 37.09(1), V.A.C.C.P., and the facts of this case, criminal trespass was a lesser included offense to the burglary charged.

### I.

On motion for rehearing the State contends that the evidence does not raise the issue. On this point we remain convinced of the soundness of our opinion on original submission. We perceive the thrust of the State's argument to be that appellant's testimony at best raised the issue of Public Duty (V.T.C.A. Penal Code Sec. 9.21) or Necessity (V.T.C.A. Penal Code Sec. 9.22). While it may be true that appellant, upon request, also would have been entitled to a charge on the defensive theories stated, that would not alter the fact, as found on original submission, that the lesser included offense of criminal trespass was also raised by the evidence.

### II.

The State also contends in its motion for rehearing that the requested charge was properly denied because the indictment would not support a conviction for criminal trespass.

The State cites numerous authorities for the proposition that an indictment will not support conviction for what otherwise would be a lesser included offense unless the indictment pleads all of the necessary allegations to charge such other offense. We first observe that the authorities relied upon were decided prior to the amendments of Arts. 37.08 and 37.09, V.A.C.C.P., that were conforming amendments contained in the Penal Code Act (Acts 1973, 63rd Leg., ch. 399, Sec. 2).

We are aware of no statutory provision prior to the 1973 amendments to the Code of Criminal Procedure governing lesser included offenses as that term is now defined in Art. 37.09, supra. Articles 37.08 and 37.09, supra, prior to amendment provided for offenses with different degrees. The scheme envisioned in those two articles dates from the earliest days of codified criminal procedure in this State.

From research[1] it appears to us that upon the issue now raised by the State, the common law governed at the time Texas was annexed to the United States. In 1851 the Supreme Court of Texas appears to

1. The Plan and Powers of the Provisional Government of Texas (See, e. g., Sayles, The Constitutions of the State of Texas, 4th Ed., 1893, pp. 139 et seq.; Hartley, Digest of the Laws of Texas, 1850, pp. 16 et seq.; Oldham & White's Digest, Laws of Texas, 1859, pp.

have been of the same opinion when it decided *Givens v. State,* 6 Tex. 344, in which the defendant urged, "The court erred in rendering a judgment on the verdict against the appellant for a common assault, when he was indicted for an assault with an intent to murder." In disposing of that contention the Court wrote:

"The second ground has never before been presented to this court. It seems, however, to be the common practice in most of the States on a verdict finding a common assault or assault and battery, upon a count for an assault with intent to murder; to hold such finding good and valid. (Shart.Am.Crim.Law, 97; 5 Ohio R. 242; 7 Port.R., 495) It seems to be a

well-settled rule that when an accusation of an offense includes an inferior one the jury may acquit the accused of the more atrocious and convict him of the inferior offense. (*State v. Cowell,* 4 Ire.R., 231.) And in the *State v. Gafney* (4 Rice R., 431) the Court of Appeals of South Carolina held that the indictment under the statute for the murder of a slave would sustain a verdict for the inferior offense of 'killing in sudden heat and passion.' This doctrine appears to be well founded on the principle that the greater offense includes the less and the less is merged in the greater. . . ."

Subsequent to the 1851 decision in *Givens v. State,* supra, the Legislature took what

---

683 et seq.) adopted November 13, 1835, provided in Article VI thereof, in part, "Every Judge so nominated and commissioned [under Article V], shall have jurisdiction over all crimes and misdemeanors recognized and known to the common law of England. . . ." Article VII thereof further provided in part:
"All trials shall be by jury, and in criminal cases the proceedings shall be regulated and conducted upon the principles of the common law of England; and the penalties prescribed by said law, in case of conviction, shall be inflicted. . . ."
The Constitution of the Republic of Texas, adopted in 1836, provided in The Schedule thereof:
"Section 1. That no inconvenience may arise from the adoption of this constitution, it is declared by this convention that all laws now in force in Texas, and not inconsistent with this constitution, shall remain in full force until declared void, repealed, altered, or expire by their own limitation."
Section 7 of the General Provisions of that Constitution of the Republic provided in part:
"So soon as convenience will permit, there shall be a penal code formed on principles of reformation, and not of vindictive justice; and the civil and criminal laws shall be revised, digested, and arranged under different heads, . . ."
Article IV, Section 13, of the Constitution of the Republic provided:
"The congress shall, as early as practicable, introduce, by statute, the common law of England, with such modifications as our circumstances, in their judgment, may require; and in all criminal cases the common law shall be the rule of decision."

Thereafter the Congress of the Republic provided by Act, approved December 21, 1836, for the punishment of certain crimes and misdemeanors, and in Section 54 thereof provided:
"All offenses known to the common law of England as now understood and practiced, which are not provided for in this act, shall be punished in the same manner as known to the said common law." 1 Gammel, Laws of Texas 1247, 1255 (1898).
The Congress of the Republic, by an Act approved January 20, 1840, provided:
"Sec. 1. Be it enacted by the Senate and House of Representatives of the Republic of Texas, in Congress assembled, that the Common Law of England (so far as it is not inconsistent with the Constitution or the Acts of Congress now in force) shall, together with such acts be the rule of decision in this Republic, and shall continue in full force until altered or repealed by Congress." 2 Gammel, Laws of Texas 177 (1898).
At the time of annexation of Texas to the United States, the first Constitution of this State was drafted at convention and adopted by the people. Article XIII, Section 3 of the Constitution of 1845 provided:
"All laws and parts of laws now in force in the Republic of Texas, which are not repugnant to the Constitution of the United States, the joint resolutions for annexing Texas to the United States, or to the provisions of this Constitution, shall continue and remain in force as the laws of this State until they expire by their own limitation, or shall be altered or repealed by the legislature thereof."

appears to be the first step to codify a rule governing prosecutions for offenses consisting of degrees.[2]

Article 630 of the 1856 Code of Criminal Procedure (hereinafter O.C.) was the origin of Art. 37.08, V.A.C.C.P. (1965) and provided:

"Where a prosecution is for an offense consisting of different degrees, the Jury may find the defendant not guilty of the higher degree, (naming it,) but guilty of any degree inferior to that charged in the indictment."

Article 631 (O.C.) was the origin of Article 37.09, V.A.C.C.P. (1965), and provided:

"The following offences include different degrees:

1. Murder, which includes all the lesser degrees of culpable homicide.

2. Maiming, which includes disfiguring, wounding, aggravated assaults and batteries, and simple assaults and batteries.

3. Arson, which includes every malicious burning made penal by law.

4. Burglary, which includes every species of house-breaking, and of theft from a house.

5. Theft, which includes all unlawful acquisitions of personal property, punishable by the penal code.

6. Every offence against the person, includes within it, assaults with intent to commit said offence, when such assault is a violation of the penal law.

7. Every offence includes within it an attempt to commit the offence, when such attempt is made penal by law."

Except for changes in the enumerated offenses of Art. 631 (O.C.) and minor changes in Art. 630 (O.C.), these two articles preserved the same statutory scheme

from their original enactment in the 1850's up to the time of the fundamental changes enacted in 1973. Through that history of those articles there have arisen many occasions for the successive high courts of this State to apply and interpret those two articles. Regardless of what rules would have governed had the statutes on degrees of offenses never been enacted, two principles have emerged from the jurisprudential history of the two statutes.

First, there are two types of cases in which conviction may be had for an offense other than the primary offense charged in the indictment. This was recognized in the opinion by Judge Woodley writing for the Court in *Tomlin v. State*, 155 Tex.Cr.R. 207, 233 S.W.2d 303, wherein it is stated:

"Art. 694, C.C.P. [Art. 630, O.C.; Art. 37.09, V.A.C.C.P. (1965)], authorizes conviction of a lower offense where the prosecution is for an offense which includes it.

"Art. 695, C.C.P. [Art. 631, O.C.; Art. 37.09, V.A.C.C.P. (1965)], sets out certain offenses and classes of offenses which are declared to include different degrees. Robbery is not one of the offenses enumerated.

"The rule appears to be that where the offense charged is not within the provisions of said article 695, C.C.P., in order to warrant a conviction for a lesser offense than that charged in an indictment, it is necessary that every constituent element of the lesser offense be alleged in the indictment, and that there be no repugnancy between the constituent elements of the lesser offense and those of the offense charged."

The rule was again stated in *Daywood v. State*, 157 Tex.Cr.R. 266, 248 S.W.2d 479, wherein Judge Morrison, writing for the Court, stated:

2. By Acts of August 26, 1856, taking effect February 1, 1857, the Legislature adopted a Penal Code and a Code of Criminal Procedure, which were published in Oldham and White's Digest of the Laws of Texas, 1859, by authority of the Legislature under the

Act of February 15, 1858. Oldham & White's Digest also contains amendments to the Code of Criminal Procedure approved February 15, 1858, and taking effect July 1, 1858.

"Article 694, C.C.P., provides:

" 'In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included.'

"Article 695, C.C.P., enumerates offenses which include different degrees.

"We have held Article 695 not to be exclusive if every constituent element of the lesser offense be *alleged* in the indictment and if there is no repugnancy between the constituent elements of the lesser offense and those of the offense charged. *Tomlin v. State*, Tex.Cr.App., 155 Tex.Cr.R. 207, 233 S.W.2d 303."

It may also be found stated in *Van Arsdale v. State*, 149 Tex.Cr.App. 639, 198 S.W.2d 270.

This principle recognizes that if the "lesser offense" considered is not by statute a degree of the primary offense charged, no conviction may be had for that lesser offense unless it is itself sufficiently pleaded in the indictment.[3] The principle also recognizes, however, that if the "lesser offense" considered *is* a degree of the primary offense charged, the indictment is not required to allege all elements of the lower degree. Although *Tomlin* and *Daywood*, supra, do not state the rule for offenses with degrees (it not being there applicable[4]), such rule has been recognized and applied in those cases coming within it. Cases standing for the proposition that an indictment charging an offense with degrees includes lesser degrees even where the elements of the lesser degrees are not alleged include *Brown v. State*, 376 S.W.2d 577; *Meaux v. State*, 160 Tex.Cr.R. 121, 267 S.W.2d 833; *Wallace v. State*, 145 Tex.Cr.R.

625, 170 S.W.2d 762, 766; *Short v. State*, 119 Tex.Cr.R. 34, 45 S.W.2d 587; *Guerra v. State*, 105 Tex.Cr.R. 410, 288 S.W. 1084; *Hand v. State*, 88 Tex.Cr.R. 422, 227 S.W. 194; *Cirul v. State*, 83 Tex.Cr.R. 8, 200 S.W. 1088, and *Bell v. State*, 70 Tex.Cr.R. 466, 156 S.W. 1194. Numerous other cases to the same effect are cited in the cases listed.

The second principle that has found expression in the court opinions considering the statutes under discussion is reflected in the recognition by the judiciary that the mere fact that the Legislature by statute provides that one offense is but another degree of the offense charged does not make it true. To dispense with the need for pleading all the constituent elements of the lesser offense, which applies in other cases (e. g., *Tomlin, Daywood*, both supra), the relationship between the offense charged and the other offense not only must be within the terms of the statute specifying offenses with degrees, but also that relationship between the two offenses must be such that the other offense is in fact not repugnant to the offense charged. To state that the Legislature by statute may authorize conviction for any offense so designated upon trial for some other offense regardless of the relationship between the two is to state an obvious absurdity violative of basic principles of due process.[5]

The application of this principle is demonstrated in comparing two early cases decided by the Texas Court of Appeals. *Huntsman v. State*, 12 Tex.App. 619 (Austin Term, 1882); *Peterson v. State*, 12 Tex.App. 650 (Austin Term, 1882). These two cases, decided at the same term of court, considered then Article 714 of the Code of Criminal Procedure (predecessor to Art. 37.-

---

3. This appears to be the rule relied upon by the State.

4. *Tomlin* and *Daywood* do not state affirmatively the assertion just made because the facts in those cases did not involve offenses consisting of degrees, but instead disposed of the issues therein on the conclusion that the "lesser offense" was not encompassed within the principle of offenses with de-

grees, nor was it contained within the allegations of the indictment.

5. A statute within such absurd principle might authorize upon the trial of A for the murder of B a conviction for the murder of C, or the rape of D, or the possession of contraband, or any other offense. The violations of due process that would occur are manifest.

09, V.A.C.C.P. (1965)). *Huntsman* held unconstitutional that portion of the article purporting to designate embezzlement as an offense included in theft, the offense charged, and reversed the embezzlement conviction. *Peterson*, on the other hand, rejected, upon the basis of that article, the defendant's contention that conviction for assault to murder could not stand upon an indictment charging murder. The opinion in *Peterson* observed that defendant's argument "is in effect a denial of the axiom that the greater includes the lesser. In murder there is always an assault to commit murder. When an indictment charges murder, it necessarily embraces an assault to commit murder." While most of the lengthy opinion in *Huntsman* is addressed to the constitutional rights of the accused and to the function of the indictment, a necessary premise of the court in addressing the issue of whether the indictment charged embezzlement was that theft, properly pleaded in the indictment, and embezzlement, for which the defendant was convicted, did not possess that relationship found in *Peterson* to exist between murder and assault to murder.

Later, in *Brown v. State*, 15 Tex.App. 581 (1884), the Court considered whether an indictment for theft would authorize conviction for receiving stolen property. The Court overruled prior decisions to the contrary,[6] and upon application of the principles relied upon in *Huntsman v. State*, supra, held that an indictment for theft would not support such a conviction despite the statutory language purporting to make it a degree of the offense of theft. Even the dissent in *Brown* acknowledged: "As to . . . theft and embezzlement, the distinctions made by our statutes are so marked that the offenses cannot be reconciled or harmoniously assimilated." 15 Tex.App. at 585.

Eventually the same principle led to the overruling of numerous decisions on appeals from convictions for driving livestock from its accustomed range. In *Long v. State*, 39 Tex.Cr.R. 537, 46 S.W. 821 (1898), it was held that a conviction for that offense could not be had upon an indictment charging theft. Cf. *Campbell v. State*, 22 Tex.App. 262, 2 S.W. 825; *Foster v. State*, 21 Tex. App. 80, 17 S.W. 548; *Smith v. State*, 17 S.W. 560; *Smith v. State*, supra, at 561 (dissenting opinion by Judge Hurt).

In dictum in a case involving other issues, encyclopedic authority was quoted with approval to the following effect:

"Where a particular offense, such as homicide, is divided into degrees which are defined by statute, the indictment may follow the general form without specifying the elements which fix the particular degree, and still fulfill the requirement of informing defendant of the nature and cause of the accusation. But the Legislature cannot provide that if, on the trial of an indictment for a specific offense, it is found that the offense has not been committed, but that another has, a conviction may be had for the offense proved, or that a person indicted for an offense consisting of one state of facts may be tried and convicted under that indictment of an offense consisting of a different state of facts." *Slack v. State*, 61 Tex.Cr.R. 372, 136 S.W. 1073, 1075.

The principles and rules applied in the cases cited and discussed above now may be summarized. Prior to the enactment of a new statutory scheme of lesser included offenses in 1973, there were two types of "lesser offenses" subject to different rules regarding the power of the court to enter a judgment of conviction for the lesser offense upon the indictment charging the greater offense. If the greater offense by statute consisted of degrees, the elements of the lesser degree did not have to be alleged in the indictment. If the lesser offense was not made a degree of the greater by statute, the elements of the lesser had to be alleged in the indictment be-

---

**6.** *Parchman v. State*, 2 Tex.App. 228, and *McCampbell v. State*, 9 Tex.App. 124.

fore a conviction for that lesser could be had thereon. Furthermore, even if by statute the lesser was made a degree of the greater alleged, the validity of that statutory designation was subject to constitutional attack and, upon such attack, to judicial examination of the relationship between the two offenses.

■ On original submission we held that on the facts of this case criminal trespass was a lesser included offense to the burglary charged under the terms of Art. 37.09(1), V.A.C.C.P. With respect to the State's challenge raised against the power of the court to enter judgment for criminal trespass upon the indictment in this case,[7] we hold that the new statutory scheme of lesser included offenses, as contrasted with the old statutory scheme of offenses with degrees, did not create such a restriction upon the jurisdiction of the trial court once properly invoked to try the offense charged, to proceed to judgment upon the lesser included offense, and in this respect the new scheme is not at variance with the old one.

There remains to be considered, before we have thoroughly disposed of the State's challenge to the power of the court to convict appellant for criminal trespass upon the indictment for burglary, whether Arts. 37.08 and 37.09(1), supra, are constitutional insofar as by their terms they authorize such a conviction. Article 37.08 now provides:

"In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."

Article 37.09 now provides:

"An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

■ The careful reader will observe that each definition in Art. 37.09 is stated with reference to "the offense charged," and moreover, each such definition specifically states the manner in which the lesser included offense differs from the offense charged. The enumerated variations in the statute do not enlarge upon the offense charged, but instead vary in a manner that either is restrictive or reduces culpability as compared to the offense charged. In view of those restrictions, we hold Arts. 37.08 and 37.09, supra, are constitutional insofar as they authorize, as did the prior scheme of degrees of offenses, conviction upon an indictment charging one offense for a lesser included offense of the offense charged. We must add, however, that whether one offense bears such a relationship to the offense charged is an issue which must

7. Apart from the function of the indictment as the instrument by which the jurisdiction of the trial court is attached or invoked in a particular case, the indictment is also designed to protect certain interests of the defendant. It has been held with respect to assertions that an indictment was insufficient to protect certain of those interests of the defendant, that failure to make timely objection upon such grounds waived any such defect. E. g., *American Plant Food*

*Corp. v. State*, 508 S.W.2d 589, 604 (assertion of lack of notice of the offense charged); *Melley v. State*, 93 Tex.Cr.R. 522, 248 S.W. 367 (assertion of duplicity). We observe that if it be urged that the indictment was defective for failure to protect some such interest of appellant, any objection for such a defect was waived by appellant's requested submission of a charge on criminal trespass.

**316** ■■■■■■■■■■■■■■■■

await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case.

The State's motion for rehearing is overruled.

MORRISON, Judge (concurring in part and dissenting in part on State's Motion for Rehearing).

I agree with and congratulate my brother ODOM on the scholarly part II of his opinion.

I do not agree, however, that the evidence in this case raises the issue of criminal trespass, and therefore must vigorously dissent to part I of the opinion.

DOUGLAS, Judge (dissenting opinion on State's Motion for Rehearing).

In addition to the reasons set out in the dissenting opinions on original submission, appellant's testimony does not show a criminal trespass. According to the testimony of appellant, he went into the building rightfully in the early morning hours to call officers to report a burglary. After the entry, he committed the crime of theft. No crime of criminal trespass was alleged and no such crime was proved by appellant's testimony.

The court did not err in refusing to submit a charge on a lesser included offense.