IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-098-CR




LOURDEO TORRES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0914815, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of burglary of a habitation and assessed
punishment, enhanced by a previous felony conviction, at imprisonment for sixteen years. Tex.
Penal Code Ann. § 30.02 (West 1989). We will affirm.

 The complaining witness, Oliver McFarland, identified appellant at trial as the man
who entered his room in an Austin nursing home at 6:00 a.m. and removed his television. 
McFarland testified that appellant did not have his permission to enter the room or to take the
television.

 In his only point of error, appellant contends the evidence is legally insufficient to
sustain the conviction. In part, his argument under this point is an attack on McFarland's
credibility. The credibility of the witness was for the trier of fact, not this Court, to decide. 
Appellant also argues that the State failed to prove that he entered the room with the intent to
commit theft. Appellant was indicted pursuant to section 30.02(a)(3), however, and proof of such
intent was not required. Day v. State, 532 S.W.2d 302, 305 (Tex. Crim. App. 1975).

 From the complainant's testimony, a rational trier of fact could find all elements
of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed:  October 21, 1992

[Do Not Publish]