**AFFIRMED; Opinion Filed March 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01494-CR

## TROY CRAWFORD, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F12-59387-T

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

A jury found Troy Crawford guilty of "burglary of a habitation, committing assault causing bodily injury," and assessed punishment at twelve years in prison. In his sole issue, Crawford complains the trial court erred by failing to limit the definitions of the culpable mental states to the result of the act charged, causing him egregious harm. We conclude any error in the jury charge did not result in egregious harm to Crawford. Accordingly, we affirm the trial court's judgment.

### BACKGROUND

Tanequa Runnels testified she was Crawford's former girlfriend and moved in with her cousin to get away from Crawford. Runnels was at the apartment on her birthday when Crawford climbed over the balcony and entered the apartment through an unlocked patio door. Crawford told her, "Bitch, I told you I was going to find you." He then began hitting her with

his closed fist on her face, chest, back and arms. She described him placing his hands around her neck and choking her. She testified Crawford "stomped" on her side with his feet. She was hurt and crying. When Crawford told her to come with him, she did so out of fear. On the way to his house, Crawford stopped for food and Runnels called her cousin, who called the police. When they arrived at the house, Runnels was in terrible pain from where Crawford had "stomped" on her back and could not walk. Crawford carried her inside the house. Shortly thereafter, police arrived and arrested Crawford.

A neighbor testified she saw a man forcefully escorting a skinny woman to a car that afternoon. The man had his hand around the back of the woman's neck and was holding her right arm as he forced her into the car. The man was very aggressive and the woman was distraught and crying. The woman appeared scared the whole time. Later that evening, the neighbor heard people outside the apartment talking about a man climbing onto the woman's patio, entering the apartment through the patio door, and dragging the woman outside. The neighbor reported what she saw to the police later that evening.

Earlier on the day of the incident, Crawford left four voicemails for Runnels on her boyfriend's cellphone. In one, Crawford said he was going to find where she was staying and put her in the hospital. In another, he said he knew where she was and was going to "stomp her." (Runnels did not hear the voicemails until after the incident.)

Crawford testified in his own defense. He denied choking Runnels, but admitted going to the apartment that afternoon. He said he came to the door of the apartment and knocked. Runnels opened the door, then ran back inside, tripped on the sofa, and hit her head. Crawford followed her inside, then she kicked him and he grabbed her leg and hit her on the hip. Crawford admitted he "beat her up so badly" he had to carry her inside his house. He also admitted leaving the voicemails threatening to find Runnels and put her in the hospital.

DISCUSSION

Section 6.03 of the penal code provides three "conduct elements" that can be involved in an offense: (1) the nature of the conduct, (2) the result of the conduct, and (3) the circumstances surrounding the conduct. TEX. PENAL CODE ANN. § 6.03 (West 2011); *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). A trial court errs by failing to limit the definitions of the culpable mental states to the conduct element or elements of the offense to which they apply. *See Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994).

As applicable here, a person commits burglary if, without effective consent of the owner, the person enters a habitation and commits or attempts to commit an assault. TEX. PENAL CODE ANN. § 30.02(a)(3). A person commits assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1). Burglary contains both result-of-conduct (enters a habitation) and circumstances-surrounding-conduct (without effective consent) elements. *Patrick*, 906 S.W.2d at 492. An offense defined by causing bodily injury—such as assault causing bodily injury—is a result-of-conduct offense. *See Garfias v. State*, 424 S.W.3d 54, 60 (Tex. Crim. App.), *cert. denied*, 135 S. Ct. 359 (U.S. 2014).

In his sole issue, Crawford argues the jury charge was erroneous because the abstract definitions of intentionally and knowingly included nature-of-conduct language when assault causing bodily injury is a result-of-conduct offense. He contends he suffered egregious harm from this error. The State, although not conceding error in the charge, contends any error did not result in egregious harm.

The jury charge included all three conduct elements in the abstract definitions of culpable mental states. Because the offense at issue here did not include a nature of conduct element, "the

trial court erred by failing to limit the definitions of culpable mental states to result and circumstances of conduct." *Hughes v. State*, 897 S.W.2d 285, 296 (Tex. Crim. App. 1994). Crawford did not object to the definitions at trial; accordingly, any error in those definitions is reversible only if Crawford was egregiously harmed such that he was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

Egregious harm exists when the record shows that a defendant has suffered actual, rather than merely theoretical, harm from jury-charge error. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza*, 686 S.W.2d at 174. Egregious harm consists of error affecting the very basis of the case, depriving the defendant of a valuable right, or vitally affecting a defensive theory. *Nava*, 415 S.W.3d at 298 (citing *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). We assess the degree of harm in light of the entire jury charge, the state of the evidence as a whole, taking into account the contested issues and the weight of probative evidence, the arguments of counsel, and any other relevant information in the record. *Id.*

Among other definitions and instructions, the abstract portion of the charge included the full statutory definitions of intentional, knowing, and reckless. *See* TEX. PENAL CODE ANN. § 6.03(a)–(c). The charge included definitions for other relevant terms, such as enter, bodily injury, and effective consent. These definitions followed the statutory definitions as applicable to this case. *See* TEX. PENAL CODE ANN. § 1.07(a)(8), (19), § 30.02(b). The charge contained three application paragraphs: (1) for burglary of a habitation with assault by family violence by impeding breathing circulation; (2) for burglary with assault by causing bodily injury; and (3) for assault by causing bodily injury. The jury found Crawford guilty under the second application paragraph.

Between the first and second application paragraphs, the jury was instructed that "a person commits the offense of assault if the person intentionally or knowingly or recklessly

causes bodily injury to another, including the person's spouse." Crawford concedes that this instruction correctly limited the offense to the result of the conduct. *See Hughes*, 897 S.W.2d at 296 (when definitions of culpable mental states are "viewed in their factual context, it becomes apparent which conduct element applies to which element of the offense").

The jury found Crawford guilty under the second application paragraph. That paragraph asked the jury to find if Crawford "intentionally or knowingly or recklessly enter[ed] a habitation without the effective consent of Tanequa Runnels, the owner thereof, and did then and there commit a felony other than theft, namely, assault causing bodily injury . . . ."[1]

In determining harm, we look at the charge as a whole, including the application portion. *See Patrick*, 906 S.W.2d at 492 ("In assessing harm resulting from the inclusion of improper conduct elements in the definitions of culpable mental states, we 'may consider the degree, if any, to which the culpable mental states were limited by the application portions of the jury charge.'" (quoting *Hughes*, 897 S.W.2d at 296)). In *Patrick*, the defendant was found guilty of capital murder while in the course of committing or attempting to commit burglary of a habitation. *Id.* at 491–92. The court then considered the application portion of the charge:

> Although the definitions of "intentionally" and "knowingly" indiscriminately set forth the three alternative conduct elements, when those terms are viewed in their factual context, it becomes apparent which conduct element applies to which element of the offense. *Hughes*, 897 S.W.2d at 297. For instance, the application paragraph states that appellant "did intentionally cause the death of [the victim.]" The term intentionally directly modifies the phrase "cause the death". Referring back to the definitions of culpable mental states, it is obvious that the "result of conduct" and cause the result language are the applicable portions of the full code definitions.

*Id*. at 493. The court concluded that "because the facts, as applied to the law in the application

---

[1] Assault causing bodily injury is a misdemeanor and burglary of a habitation with an underlying offense of misdemeanor assault is a second degree felony. *See* TEX. PENAL CODE ANN. §§ 22.01(b), 30.02(c), (d). Although the quoted sentence refers to assault causing bodily injury as a felony rather than a misdemeanor, the record as a whole shows the jury was instructed on the correct range of punishment in the punishment charge for a second degree burglary with one prior conviction and the judgment reflects Crawford was convicted of second degree felony burglary.

paragraph, pointed the jury to the appropriate portion of the definitions, no harm resulted from the court's failure to limit the definitions of culpable mental states to proving the conduct element of the underlying offense." *Id.*

Here, the charge instructed the jury to determine if Crawford intentionally, knowingly, or recklessly[2] entered a habitation without effective consent of the owner, and "did then and there commit . . . assault causing bodily injury." The charge further instructed that assault is committed if a person "intentionally or knowingly or recklessly causes bodily injury to another." Crawford concedes this instruction correctly limited the culpable mental state in the assault offense to the result of conduct. We find no merit in his argument that the placement of this instruction was error. In fact, the placement of the instruction minimizes any potential "confusion" about the abstract definitions. The terms intentionally, knowingly, or recklessly directly modify the phrase "causes bodily injury." Referring back to the definitions of culpable mental states, it is clear that the "result of conduct" portions of those definitions are applicable to the cause the result (bodily injury) language in the charge. *See Patrick*, 906 S.W.2d at 493. Based on the charge as a whole, we conclude the charge pointed the jury to the correct result-of-conduct portion of the definitions of culpable mental states. *Id.*

Turning to the state of the evidence, Crawford argues the evidence emphasized the nature of his conduct, i.e., whether he choked Runnels or stomped her with his feet causing her pain, rather than the result of his conduct, i.e., causing bodily injury. He contends there is nothing in

---

[2] Although no culpable mental state is mentioned in the language of section 30.02, sections 6.02(b) and (c) require a culpable mental state of intentional or knowing. *See* TEX. PENAL CODE ANN. §§ 6.02(b), (c), 30.02(a); *DeVaughn v. State*, 749 S.W.2d 62, 64 n.3 (Tex. Crim. App. 1988) (it is settled that entry must be intentional or knowing). Here, even though the instruction incorrectly included the term "recklessly," there is no evidence in there record that Crawford entered the apartment recklessly. He either entered through the front door as he testified, or through the patio door as Runnels testified. *See Day v. State*, 532 S.W.2d 302, 305 n.1 (Tex. Crim. App. 1975) ("it is difficult to imagine a situation where a person would recklessly enter a building or habitation and commit or attempt to commit a felony or theft"), *disapproved of on other grounds by Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).

the record about his mental state regarding the result of his conduct.  We disagree.

A culpable mental state is almost always proven by circumstantial evidence.  *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (mental culpability is of such nature that it generally must be inferred from circumstances under which the prohibited act or omission occurs). Intent or knowledge may be inferred from the acts, words, and conduct of the accused, as well as the extent of the injuries and the relative size and strength of the parties.  *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Patrick*, 906 S.W.2d at 487.

The broad definition of bodily injury "encompasses even relatively minor physical contact if it constitutes more than offensive touching.  Direct evidence that a victim suffered pain is sufficient to show bodily injury."  *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (footnotes omitted).  Runnels testified she felt pain when Crawford hit her.  Thus, Crawford's conduct was circumstantial evidence of his intent, knowledge, or recklessness regarding the results of that conduct.  *See id.* (because "[o]ne's acts are generally reliable circumstantial evidence of one's intent," jury could reasonably infer defendant "intended to do exactly what he did—to inflict bodily injury" on victim) (footnote omitted). But more importantly, Crawford's intent was not disputed in the record.  Although he denied choking Runnels, Crawford did not contest the assault by causing bodily injury charge.  His counsel admitted the assault in closing argument.

Regarding closing arguments, the State emphasized the evidence Crawford assaulted Runnels, the credibility of the witnesses, and whether Crawford entered through the front door or through the balcony and patio door.  As mentioned, defense counsel did not contest the assault, but argued there was no burglary. The State did not argue the improper "nature of conduct" language from the definitions of the culpable mental states. We find no other relevant

information in the record.

Based on the entire record, the jury charge as a whole, and the arguments of counsel, we conclude Crawford was not denied a fair trial; he did not suffer egregious harm due to the erroneous definitions in the charge. We overrule Crawford's only issue.

We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
131494F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TROY CRAWFORD, Appellant

No. 05-13-01494-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-59387.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 16th day of March, 2015.